IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, | ) |
|                                                                *Plaintiff,* | ) |
|    v. | ) |
| | ) |
| FLEET EQUIPMENT, LLC, FLEET EQUIPMENT | ) |
| LEASING, LLC, FLEET EQUIPMENT | ) |
| TRANSPORTATION, LLC, RDX, LLC, ROBERT | ) |
| WILLIAMS, RICHARD JAEGER, PETER DOYLE, | ) |
| special administrator of the estate of ROBIN FRANCIS, | ) |
| deceased, and PETER DOYLE, LIZ DOYLE, JENNIFER | ) |
| WHETTER and MARGARET SHELDON, next of kin to | ) |
| ROBIN FRANCIS, deceased, | ) |
|                                                     *Defendants.* | ) |
| | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Now comes the Plaintiff, WESTFIELD INSURANCE COMPANY ("Westfield"), by and through its attorneys, Christopher J. Pickett and Brendan C. Ross of LINDSAY, PICKETT & POSTEL, LLC, and for its Complaint for Declaratory Judgment against the Defendants, FLEET EQUIPMENT, LLC ("Fleet Equipment"), FLEET EQUIPMENT LEASING, LLC ("Fleet Leasing"), FLEET EQUIPMENT TRANSPORTATION, LLC ("Fleet Transportation") (collectively, "the Fleet entities"), RDX, LLC ("RDX"), ROBERT WILLIAMS ("Williams"), RICHARD JAEGER ("Jaeger"), PETER DOYLE, special administrator of the estate of Robin Francis, deceased, and PETER DOYLE, LIZ DOYLE, JENNIFER WHETTER and MARGARET SHELDON, next of kin to ROBIN FRANCIS, deceased (collectively, "the Doyle Plaintiffs"), alleges as follows:

**Introduction**

1.     Westfield seeks a declaration that it does not owe a duty to defend or indemnify the Fleet entities, RDX, and Williams under a policy of insurance that Westfield

issued to the Fleet entities, against claims asserted by Jaeger and the Doyle Plaintiffs in their respective lawsuits currently pending in the District Court for the Central District of Illinois, Case No. 3:22-cv-03018 ("the underlying Jaeger litigation"), and Case No. 3:22-cv-03030 ("the underlying Doyle litigation").

## The Parties

2. Westfield is an Ohio corporation with its principal place of business in Ohio.

3. Fleet Equipment is a Tennessee limited liability company with its principal place of business in Tennessee.

4. Fleet Leasing is a Tennessee limited liability company with its principal place of business in Tennessee.

5. Fleet Transportation is a Tennessee limited liability company with its principal place of business in Tennessee.

6. RDX is a Tennessee limited liability company with its principal place of business in Tennessee.

7. Williams is a citizen of Georgia.

8. Jaeger is a citizen of Wisconsin. He is named herein only in that he may be deemed a necessary party with an interest in the subject matter of this action. Westfield seeks no relief from him, other than to the extent, if any, that he is interested in the subject matter of this action, that he be bound by the judgment sought herein. If he will sign a stipulation to that effect, then Westfield will voluntarily dismiss him as a defendant.

9. Peter Doyle, as special administrator of the estate of, and next of kin to, Robin Francis, deceased, is a citizen of Massachusetts. He is named herein only in that he may be deemed a necessary party with an interest in the subject matter of this action.

Westfield seeks no relief from him, other than to the extent, if any, that he is interested in the subject matter of this action, that he be bound by the judgment sought herein. If he will sign a stipulation to that effect, then Westfield will voluntarily dismiss him as a defendant.

10. Liz Doyle, as next of kin to Robin Francis, deceased, is a citizen of New York. She is named herein only in that she may be deemed a necessary party with an interest in the subject matter of this action. Westfield seeks no relief from her, other than to the extent, if any, that she is interested in the subject matter of this action, that she be bound by the judgment sought herein. If she will sign a stipulation to that effect, then Westfield will voluntarily dismiss her as a defendant.

11. Jennifer Whetter, as next of kin to Robin Francis, deceased, is a citizen of Wisconsin. She is named herein only in that she may be deemed a necessary party with an interest in the subject matter of this action. Westfield seeks no relief from her, other than to the extent, if any, that she is interested in the subject matter of this action, that she be bound by the judgment sought herein. If she will sign a stipulation to that effect, then Westfield will voluntarily dismiss her as a defendant.

12. Margaret Sheldon, as next of kin to Robin Francis, deceased, is a citizen of Minnesota. She is named herein only in that she may be deemed a necessary party with an interest in the subject matter of this action. Westfield seeks no relief from her, other than to the extent, if any, that she is interested in the subject matter of this action, that she be bound by the judgment sought herein. If she will sign a stipulation to that effect, then Westfield will voluntarily dismiss her as a defendant.

**Jurisdiction and Venue**

13. This Court has subject matter jurisdiction under 28 USC § 1332 because there is complete diversity amongst the parties to this case and the amount in controversy is greater than $75,000.

14. Venue is proper under 28 USC § 1391(b)(2) because the occurrence giving rise to this action occurred in North Litchfield Township, Montgomery County, Illinois, within the Central District of Illinois.

**The Underlying Jaeger Litigation**

15. On February 7, 2022, Jaeger filed a Complaint at Law against RDX, Williams, and the Fleet entities, in the District Court for the Central District of Illinois, Case No. 3:22-cv-03018 ("the underlying Jaeger complaint"). A true and correct copy of the underlying Jaeger complaint is attached as **Exhibit A**.

16. Jaeger alleges that at approximately 3:58 p.m. on March 2, 2020, he was driving a 2018 Chevy Equinox northbound on Interstate 55 in North Litchfield Township, Montgomery County, Illinois.

17. He alleges that Williams, as an employee of RDX, was driving southbound on Interstate 55 and operating a truck under RDX's motor carrier authority, which was hauling a leased trailer owned by one or more of the Fleet entities.

18. He alleges that a pair of tires on the trailer detached and travelled across the median and into the northbound lanes causing him to crash into two separate vehicles.

19. He alleges that the accident, and his claimed injuries, were caused by RDX and Williams's negligent operation of the truck and trailer; RDX and the Fleet entities'

negligent failure to maintain, inspect and repair the trailer; and RDX's negligent hiring, retention, training, and entrustment of the trailer to, Williams.

### The Underlying Doyle Litigation

20. On March 2, 2022, the Doyle Plaintiffs filed an Amended Complaint at Law against RDX, Fleet Equipment, and Fleet Leasing, in the District Court for the Central District of Illinois, Case No. 3:22-cv-03030 ("the underlying Doyle complaint"). A true and correct copy of the underlying Doyle complaint is attached as **Exhibit B.**

21. The allegations against RDX and the Fleet entities in the underlying Doyle complaint are substantively identical to those in the underlying Jaeger complaint.

22. The Doyle Plaintiffs allege that Robin Francis died as a result of defendants' negligence.

### The Lease Agreement

23. On or about August 11, 2016, RDX entered into a master lease agreement with Fleet Leasing, in which Fleet Leasing agreed to lease equipment to RDX from time to time ("the Master Lease Agreement"). A true and correct copy of the Master Lease Agreement is attached as **Exhibit C**.

24. On August 28, 2019, RDX and Fleet Leasing signed an addendum to the Lease Agreement titled "Schedule A," wherein RDX agreed to lease a 2019 Hyundai trailer from Fleet Leasing at a rate of $450 per month ("the Trailer Lease"). A true and correct copy of the Trailer Lease is attached as **Exhibit D**.

**The Westfield Policy**

25. Westfield issued a commercial package policy to the Fleet entities, Policy No. CMM8367050, effective October 1, 2019, to October 1, 2020 ("the Westfield policy"). A complete certified copy of the Westfield policy is attached as **Exhibit E.**

26. The Westfield policy contains the CG 0001 0413 Commercial General Liability Coverage Form with a $1,000,000 per occurrence and $2,000,000 aggregate limit, which provides as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM\*\*\***

**SECTION I - COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **1. Insuring Agreement**

        **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.\*\*\*

        **b.** This insurance applies to "bodily injury" and "property damage" only if:

            **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory,"

            **(2)** The "bodily injury" or "property damage" occurs during the policy period;\*\*\*

    **2. Exclusions**

    This insurance does not apply to:\*\*\*

        **g. Aircraft, Auto Or Watercraft**

            "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to

6

others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.\*\*\*

**SECTION II - WHO IS AN INSURED**

**1.** If you are designated in the Declarations as:\*\*\*

    **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.\*\*\*

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.\*\*\*

**SECTION V – DEFINITIONS**\*\*\*

**2.** "Auto" means:

    **a.** A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment;\*\*\*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

27. The Westfield policy also contains the CA0025 1013 Auto Dealers Coverage Form with a $1,000,000 per accident limit, which provides:

**AUTO DEALERS COVERAGE FORM\*\*\***

| Symbol | Description of Covered Auto Designation Symbols |
|---|---|
| 21 | Any "Auto" |

**\*\*\***

**SECTION I - COVERED AUTOS COVERAGES\*\*\***

 **D.** **Covered Autos Liability Coverage**

  **1.** **Coverage**

  We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos."\*\*\*

  **2.** **Who Is An Insured**

  The following are "insureds" for covered "autos":

   **a.** You for any covered "auto".

   **b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow\*\*\*

 **4.** **Exclusions**

 This insurance does not apply to any of the following:\*\*\*

   **g.** **Leased Autos**
   Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.\*\*\*

**SECTION II - GENERAL LIABILITY COVERAGES**

 **A.** **Bodily Injury And Property Damage Liability**

  **1.** **Coverage**

  **a.** We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident", and resulting from your "auto dealer operations" other than the ownership, maintenance or use of "autos". \*\*\*

 **2.** **Exclusions**

  This insurance does not apply to any of the following:\*\*\*

  **g.** **Aircraft, Auto Or Watercraft**

   "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

   This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.\*\*\*

**D.** **Who Is An Insured**

 The following are "insureds" for General Liability Coverages:

 **1.** You.\*\*\*

 **2.** Your partners and their spouses, if you are a partnership,\*\*\*

3. Your members, if you are a limited liability company, but only with respect to the conduct of your "auto dealer operations". Your managers are also "insureds", but only with respect to their duties as your managers.

4. Your "executive officers" and directors, if you are an organization other than a partnership or limited liability company,***

5. Your "employees,***

6. Any "auto" dealership that is acquired or formed by you,***

No person or organization is an "insured" with respect to the conduct of any current or past partnership or limited liability company that is not shown as a Named Insured in the Declarations.***

## SECTION III - ACTS, ERRORS OR OMISSIONS LIABILITY COVERAGES

**A.  Coverage**

We will pay all sums that an "insured" legally must pay as damages because of any "act, error or omission" of the "insured" to which this insurance applies and arising out of the conduct of your "auto dealer operations", but only if the "act, error or omission" is committed in the coverage territory during the policy period.***

**B.  Exclusions**

This insurance does not apply to:***

**2.  Bodily Injury, Property Damage Or Personal And Advertising Injury**

"Bodily injury", "property damage" or "personal and advertising injury".

**C.  Who Is An Insured**

The following are "insureds" for "Acts, errors or omissions":

10

  **1.** You.\*\*\*

  **3.** Your members, if you are a limited liability company, but only with respect to the conduct of your "auto dealer operations". Your managers are also "insureds", but only with respect to their duties as your managers.\*\*\*

No person or organization is an "insured" with respect to the conduct of any current or past partnership or limited liability company that is not shown as a Named Insured in the Declarations.\*\*\*

**SECTION V – DEFINITIONS\*\*\***

**B.** "Act, error or omission" means any actual or alleged negligent act, error or omission committed by an "insured" in the course of your "auto dealer operations" arising:

  **1.** Out of an "insured's" failure to comply with any local, state or federal law or regulation concerning the disclosure of credit or lease terms to consumers in connection with the sale or lease of an "auto" in your "auto dealer operations", including, but not limited to, the Truth In Lending and Consumer Leasing Acts;

  **2.** Out of an "insured's" failure to comply with any local, state or federal law or regulation concerning the disclosure of accurate odometer mileage to consumers in connection with the sale or lease of an "auto" in your "auto dealer operations";

  **3.** In an "insured's" capacity as an insurance agent or broker in the offering, placement or maintenance of any "auto" physical damage, auto loan/lease gap, credit life or credit disability insurance sold in connection with the sale or lease of an "auto" in your "auto dealer operations", but only if the "insured" holds a valid insurance agent or broker license at the time the "act, error or omission" is committed, in the jurisdiction in which your "auto dealer operations" is located, if required to do so by such jurisdiction; and

      **4.**    Out of a defect in title in connection with the sale or lease of an "auto" in your "auto dealer operations".\*\*\*

  **D.**    "Auto" means a land motor vehicle, "trailer" or semitrailer.

  **E.**    "Auto dealer operations" means the ownership, maintenance or use of locations for an "auto" dealership and that portion of the roads or other accesses that adjoin these locations. "Auto dealer operations" also include all operations necessary or incidental to an "auto" dealership.\*\*\*

  **X.**    "Trailer" includes semitrailer.

28. The Westfield policy also contains an MCS-90 Endorsement that provides:

**Form MCS-90**

**ENDORSEMENT FOR
MOTOR CARRIER POLICIES OF INSURANCE FOR PUBLIC LIABILITY
UNDER SECTIONS 29 AND 30 OF THE MOTOR CARRIER ACT OF 1980\*\*\***

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere.\*\*\*

The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.\*\*\*

The limits of the company's liability for the amounts prescribed in this endorsement apply separately to each accident and any payment under the policy because of any one accident shall not operate to

12

      reduce the liability of the company for the payment of final judgments resulting from any other accident.

29.     The Westfield policy also contains a CU0001 0413 Commercial Liability Umbrella Coverage Form with a $5,000,000 per occurrence and aggregate limit, which provides:

**COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM**

**SECTION I – COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **1.**     **Insuring Agreement**

        **a.**     We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies.\*\*\*

        **c.**     This insurance applies to "bodily injury" and "property damage" only if:

            (1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

            (2)     The "bodily injury" or "property damage" occurs during the policy period;\*\*\*

30.     The CU 2231 1207 Garage Endorsement modifies the umbrella coverage to include the following exclusion and definition of "Who is an Insured":

**GARAGE ENDORSEMENT\*\*\***

**SECTION I - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **A.**     **Exclusions\*\*\***

        **c.**     The following exclusion is added:

            **LEASED AUTOS**

Any "covered auto" while leased or rented to others. But this exclusion does not apply to a "covered auto" you rent to one of your customers while their "auto" is left with you for service or repair.

**B.    Who Is An Insured**

Paragraph **2.** of **Section II - Who Is An Insured** is replaced by the following:

**2.**   Only with respect to liability arising out of the ownership, maintenance or use of "covered autos":

    **a.**   You are an insured;

    **b.**   Anyone else while using with your permission a "covered auto" you own, hire, or borrow is also an insured except:\*\*\*

        (4)   Your customers.
        \*\*\*

## Coverage Allegations

### Count I
### No Duty to Defend or Indemnify the Fleet Entities

31.   Westfield restates and incorporates the allegations in paragraphs 1 through 30 above, as if set forth fully herein.

32.   Westfield has no duty to defend or indemnify Fleet Equipment, Fleet Leasing, and Fleet Transportation, with respect to the underlying Jaeger litigation and the underlying Doyle litigation for one or more of the following reasons, pleading hypothetically or in the alternative:

   a. The Westfield policy's commercial general liability coverage does not apply because the underlying lawsuits arise out of the ownership, maintenance, use or entrustment to others of an "auto," which falls into Exclusion **g.** of that coverage;

   b. The policy's Auto Dealers coverage, Section I, does not apply because the underlying lawsuits arise out of a covered auto "while

14

  leased or rented to others," which falls into Exclusion **g.** of that coverage;

c. The Auto Dealers coverage, Section II, does not apply because coverage for "auto dealer operations" does not include liability resulting from the ownership, maintenance or use of "autos," and liability arising out of the ownership, maintenance, use or entrustment to others of any "auto" is excluded by Exclusion **g.** of that coverage;

d. The Auto Dealers coverage, Section III, does not apply because the underlying lawsuit does not allege an "act, error or omission" as defined by the policy, and Exclusion **B.2.** excludes coverage for "bodily injury";

e. The policy's umbrella coverage does not apply because the leased auto exclusion of the garage endorsement negates any umbrella coverage that would otherwise apply; and

f. There may be other bases on which Westfield can properly deny coverage, and Westfield reserves the right to plead them in the future.

WHEREFORE, the Plaintiff, Westfield Insurance Company, prays that this Court enter an Order declaring that it does not owe a duty to defend or indemnify Defendants Fleet Equipment, Fleet Leasing, and Fleet Transportation, in the underlying Jaeger litigation and the underlying Doyle litigation and for any such other relief as this Court deems just and appropriate.

## Count II
## No Duty to Defend or Indemnify RDX and Williams

33. Westfield restates and incorporates the allegations in paragraphs 1 through 30 above, as if set forth fully herein.

34. Westfield has no duty to defend or indemnify RDX and its employee, Williams, with respect to the underlying Jaeger litigation and the underlying Doyle

litigation for one or more of the following reasons, pleading hypothetically or in the alternative:

a. The Westfield policy's commercial general liability coverage does not apply because RDX and Williams do not qualify as insureds, and even if they did, the underlying lawsuits arise out of the ownership, maintenance, use or entrustment to others of an "auto," which falls into Exclusion **g.** of that coverage;

b. The policy's Auto Dealers coverage, Section I, does not apply because the underlying lawsuits arise out of a covered auto "while leased or rented to others," which falls into Exclusion **g.** of that coverage;

c. The Auto Dealers coverage, Section II, does not apply because RDX and Williams do not qualify as insureds, coverage for "auto dealer operations" does not include liability resulting from the ownership, maintenance or use of "autos," and liability arising out of the ownership, maintenance, use or entrustment to others of any "auto" is excluded by Exclusion **g.** of that coverage;

d. The Auto Dealers coverage, Section III, does not apply because RDX and Williams do not qualify as insureds, the underlying lawsuit does not allege an "act, error or omission" as defined by the policy, and Exclusion **B.2.** excludes coverage for "bodily injury";

e. The policy's umbrella coverage does not apply because RDX and Williams, as Fleet Leasing's customers, are excluded from the definition of insured, and the leased auto exclusion of the garage endorsement negates any umbrella coverage that would otherwise apply; and

f. There may be other bases on which Westfield can properly deny coverage, and Westfield reserves the right to plead them in the future.

WHEREFORE, the Plaintiff, Westfield Insurance Company, prays that this Court enter an Order declaring that it does not owe a duty to defend or indemnify Defendants RDX and Williams in the underlying Jaeger litigation and the underlying Doyle litigation and for any such other relief as this Court deems just and appropriate.

                                                               Respectfully submitted,
                                                               **WESTFIELD INSURANCE COMPANY**

                                                      By: _____
                                                             Christopher J. Pickett

Christopher J. Pickett (ARDC No. 6287096)
Brendan C. Ross (ARDC No. 6310042)
**LINDSAY, PICKETT & POSTEL, LLC**
200 W. Madison St., Suite 3850
Chicago, Illinois 60606
cpickett@lpplawfirm.com
312-596-7779
bross@lpplawfirm.com
312-725-5202